

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00642-CR

Antonio Antoine **BROWN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR7845
Honorable Frank J. Castro, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
             Patricia O. Alvarez, Justice
             Luz Elena D. Chapa, Justice

Delivered and Filed: November 21, 2018

DISMISSED

Appellant entered into a plea bargain with the State, and pled nolo contendere to the charged felony offense. The trial court imposed sentence in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." Appellant timely filed a notice of appeal. The clerk's record, which includes the trial court's Rule 25.2(a)(2) certification and a written plea bargain agreement, has been filed. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*.

The clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

This court gave appellant notice that the appeal would be dismissed unless an amended trial court certification showing appellant's right to appeal were made part of the appellate record within thirty days. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). Appellant's counsel filed a letter informing the court that the trial court denied appellant's "Motion to Amend the Certification of the Defendant's Right to Appeal;" counsel further asserted he believes that "issues of voluntariness exist in this circumstance." The voluntariness of a plea, however, may not "be raised on appeal from a plea-bargained, felony conviction." *See Cooper v. State*, 45 S.W.3d 77, 82 (Tex. Crim. App. 2001) (providing "meritorious claims of involuntary pleas may be raised by other procedures: motion for new trial and habeas corpus"). "These procedures are not only adequate to resolve claims of involuntary pleas, but they are superior to appeal in that the claim may be supported by information from sources broader than the appellate record." *Id.*; *see also* TEX. R. APP. P. 25.2(a)(2). Having reviewed the record, we conclude appellant does not have a right to appeal. *See Dears*, 154 S.W.3d at 615. We therefore dismiss this appeal. *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

DO NOT PUBLISH